# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHELLE M. JONES, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF HER MINOR SON, STAFFORD HESS JONES** | **CIVIL ACTION NUMBER 02:10-CV-1196** |
| **VERSUS** | **JUDGE** |
| **TRANSOCEAN, LTD.; BP, PLC; ABC INSURANCE COMPANY AND DEF INSURANCE COMPANY** | **MAGISTRATE JUDGE** |

*************************************************************************

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Plaintiff, **Michelle M. Jones,** individually and as personal representative of her minor son, **Stafford Hess Jones**, of the full age of majority, a resident of and domiciled in East Baton Rouge Parish, Louisiana, who respectfully represents:

1.

The following parties are made defendants herein:

A. **TRANSOCEAN, LTD.** (hereinafter "Transocean"), a foreign corporation authorized to do and/or doing substantial business in Louisiana;

B. **BP, PLC** (hereinafter "BP"), a foreign corporation authorized to do and/or doing substantial business in Louisiana;

C. **ABC INSURANCE COMPANY**, alleged on information and belief to be a foreign insurer authorized to do and/or doing substantial business in Louisiana; and

D.  **DEF INSURANCE COMPANY**, alleged on information and belief to be a foreign insurer authorized to do and/or doing substantial business in Louisiana.

2.

The jurisdiction of this Honorable Court is based upon the Admiralty and Maritime jurisdiction pursuant to Article III, Section 2 of the United States Constitution and 28 USC § 1333.

3.

At all times pertinent herein, including April 20, 2010, Michelle M. Jones was married to and living with Gordon Lewis Jones.  Of that marriage one child has been born:  Stafford Hess Jones, born on March 28, 2008.  Michelle M. Jones is pregnant with a second child of this marriage, Maxwell Gordon Jones, whose expected date of birth is May 26, 2010.

4.

On or about April 20, 2010, Gordon Lewis Jones was an employee of M-I, L.L.C. and working aboard a semi-submersible mobile drilling unit, DEEPWATER HORIZON, which rig was located in the Gulf of Mexico off the coast of Louisiana.

5.

At all times pertinent herein, including April 20, 2010, DEEPWATER HORIZON was owned and/or operated and/or managed and/or chartered and/or controlled by defendants Transocean and BP.

6.

On April 20, 2010, at or about 10 PM, an explosion suddenly occurred without warning causing injuries to Gordon Lewis Jones.  It is not known at this time whether Gordon Lewis Jones survived the explosion.

7.

Michelle M. Jones shows that the accident and resulting injuries and damages sued upon were the direct and proximate result of the negligence and fault of the defendants herein which negligence and fault is shown more particularly, but not exclusively, as follows:

A. Negligent failure to properly perform the operation ongoing at the time of the accident in question;

B. Negligent failure to take all appropriate precautions to avoid an accident and explosion of the kind which occurred;

C. Negligent failure to have all proper equipment and gear necessary to perform the job being performed at the time of the accident and explosion in a safe manner;

D. Negligent failure to keep the equipment on board the vessel in proper condition and repair;

E. Negligent failure to properly inspect the rig and all of its equipment and gear;

F. Negligent failure to have sufficient number of properly trained and qualified personnel to perform the job in a safe manner being performed at the time of the accident and explosion;

G. Negligent failure to properly train and/or instruct and/or warn Gordon Lewis Jones and those similarly situated;

H. Negligent violation of government and industry rules, regulations and standards;

I. Acting in a grossly negligent, reckless, wilful and wanton manner with respect to the ownership and operation of the rig, the operation which was ongoing at the time of the accident and explosion and with respect to Gordon Lewis Jones and others

        aboard the rig;

J.      Other acts of negligence and fault which may be shown through discovery or at trial; and

K.     Generally, the failure of these defendants to act with the required degree of care commensurate with the existing situation.

8.

Plaintiff specifically pleads the doctrine of *res ipsa loquitur* inasmuch as the defendants herein owned and had custody and control of the rig where the accident and explosion occurred and the accident and explosion could not have occurred absent the negligent conduct of one or both of the defendants herein.

9.

Whether or not Gordon Lewis Jones is still alive is, at the present time, not known. However, it is clear that the negligence and fault the defendants, as enumerated above, was the proximate cause of injury and damages recoverable by Plaintiff in her individual and representative capacity which damages are listed more particularly, but not exclusively, as follows:

A.     Physical and mental injury, pain and suffering, mental anguish and distress and fright for Gordon Lewis Jones;

B.     Loss of earnings and/or support, past and future;

C.     Loss of found, past and future;

D.     Loss of earning capacity;

E.     Loss of enjoyment of life;

F.     Mental anguish, grief, profound depression, anxiety and suffering;

    G.    Loss of consortium, society, guidance and support;

    H.    Medical and related expenses, past and future;

    I.    Punitive or exemplary damages;

    J.    Other items of damage which may be shown through discovery or at trial;

    K.    All appropriate general and equitable relief;

    L.    Prejudgment interest on all sums awarded from date of loss until paid;

    M.    Post-judgment on all sums awarded from date of judgment until paid; and

    N.    All court costs and litigation costs allowed by law.

10.

Defendant ABC Insurance Company had in full force and effect, at all pertinent times herein, including the date of the accident sued upon, a policy of liability insurance or protection and indemnity coverage insuring and covering defendant Transocean for and against liability of the nature alleged herein.

11.

Defendant DEF Insurance Company had in full force and effect, at all pertinent times herein including the date of the accident sued upon, a policy of liability insurance or protection and indemnity coverage insuring and covering defendant BP for and against liability of the nature asserted herein.

WHEREFORE Plaintiff, Michelle M. Jones, individually and on behalf of her minor son, Stafford Hess Jones, prays that after due proceedings are had, there be judgment in her favor and against defendants, Transocean, Ltd.; BP, PLC; ABC Insurance Company and DEF Insurance Company, for compensatory, punitive, exemplary, and other appropriate damages with legal interest

thereon from date of loss until paid for all costs of these proceedings. Plaintiff also prays for all other relief as may be just and equitable in the premises.

By attorneys:

*s/John W. deGravelles*
**JOHN W. deGRAVELLES** (#04808), T.A.
RANDOLPH W. HUNTER (#7084)
J. NEALE deGRAVELLES (#29143)
deGravelles, Palmintier, Holthaus & Frugé, L.L.P.
618 Main Street
Baton Rouge, Louisiana 70801-1910
225/344-3735 / Fax: 225/336-1146
jdegravelles@dphf-law.com
rhunter@dphf-law.com
ndegravelles@dphf-law.com